UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>  Plaintiff,<br><br>  v.<br><br>DENNIS HAYO, et al.,<br><br>  Defendants. | Case No. 21-cv-00684-HSG<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIMS** |

Through her Amended Complaint filed as of right in July 2021, pro se Plaintiff brings multiple claims related to her employment disputes with the Department of Veterans Affairs. *See generally* Dkt. No. 53. Although Plaintiff's application to proceed *in forma pauperis* was previously granted, *see* Dkt. No. 14, the sufficiency of the complaint for the purpose of 28 U.S.C. § 1915(e)(2)(b) and service of process has not yet been assessed. After reviewing the Amended Complaint, the Court **DISMISSES** the Amended Complaint **WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2).

**I.  BACKGROUND**

  **A.  Allegations**

Plaintiff began working as an EKG technician at the Raymond G. Murphy Veterans Affairs Medical Center in New Mexico (the "VA New Mexico Healthcare System") on April 3, 2017.[1] Dkt. No. 53 ¶ 11. On April 18, 2017, she notified her manager, Defendant Carla

---

[1] Because a plaintiff's factual allegations are generally taken as true when evaluating the sufficiency of a complaint, facts detailed here are taken from the Amended Complaint and presumed to be true. *See, e.g.*, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Dunkelberger, that she planned to request time off to pursue fertility treatment in Russia. *Id.* ¶ 28. Defendant Dunkelberger advised Plaintiff that she was not eligible for leave under the Family and Medical Leave Act ("FMLA") because she had not worked at the VA New Mexico Healthcare System for at least twelve months, and that Plaintiff would need to submit professionally translated medical documentation in order to request time off. *Id.* ¶ 29.

In May 2017, Plaintiff told Defendant Dunkelberger that she needed to return to Russia to receive IVF treatment and to refill prescriptions not available in the United States. *See id.* ¶¶ 36–37. Defendant Dunkelberger told Plaintiff that she was not able to approve Plaintiff's requested leave and that she would not be paid if she was not working. *See id.* ¶ 38. Plaintiff also approached her unit's assistant manager, Defendant Phil Johnson, who also said he could not approve the requested leave. *See id.* ¶¶ 41–43. Defendant Johnson gave Plaintiff a form to complete and slip under a manager's door, which Plaintiff did. *See id.* Defendant Johnson also told Plaintiff, "If you need to go – go!" *Id.* ¶ 41. Believing she had verbal permission, Plaintiff left for Russia on May 18, 2017. *Id.* ¶ 48. While in Russia, Plaintiff informed Defendant Dunkelberger that an unexpected surgery to remove a polyp and further need for medical examination necessitated a longer stay in Russia. *See id.* ¶¶ 49–50.

Beginning May 21, 2017, Defendant Dunkelberger placed Plaintiff on "AWOL" status due to her "inappropriate leave request." *See id.* ¶¶ 109–12. On July 3, 2017, Plaintiff received an email from Defendant Dunkelberger stating that her employment had been terminated on June 30, 2017, due to "attendance issues." *Id.* ¶¶ 51–52. The VA New Mexico Healthcare System had also sent a warning letter to Plaintiff's home in New Mexico, but Plaintiff did not receive it because she was in Russia at the time. *See id.* ¶¶ 66–68, 70–71.

At a videoconference mediation held in September 2017, Defendant Dunkelberger refused Plaintiff's request to reinstate her. *Id.* ¶¶ 65, 73. Instead, Defendant Dunkelberger hired "two males" to fill the position. *Id.* ¶ 75. The mediation was unsuccessful. *Id.*

On September 18, 2017, eleven days after the unsuccessful mediation, Plaintiff emailed Cheryl Eliano, an officer of the American Federation of Government Employees ("AFGE"), asking the union to assist her in obtaining reinstatement. *Id.* ¶ 74. AFGE union representative

Karen Smith was assigned to assist Plaintiff and communicated with her for some time before she eventually stopped responding to Plaintiff's emails and telephone calls. *Id.* ¶ 78.

Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint on September 19, 2017, asserting discrimination based on disability and age, and noting that the VA New Mexico Healthcare System had since hired two younger male technicians who would "not have problems related to pregnancy." *Id.* ¶¶ 74–75. A later email from Plaintiff made clear that she was asserting sex discrimination in addition to discrimination based on age and disability. *Id.* ¶ 92. Plaintiff additionally contends that not only was she unjustly fired, but that other employees were treated more favorably. *See id.* ¶ 91. For example, Plaintiff reports that an employee named Melanie was allowed to work a limited schedule while pursuing a nursing degree and that Defendants Dunkelberger and Johnson lied in their interrogatory responses when they denied knowledge of any "Melanie." *See id.* ¶¶ 91, 105.

The Office of Resolution Management ("ORM") of the U.S. Department of Veterans Affairs sent Plaintiff and union representative Smith a notice of acceptance of Plaintiff's complaint on November 16, 2017. *Id.* ¶ 84. An investigative report was prepared by Defendant Dennis Hayo, an EEO Investigator of the ORM. *Id.* ¶¶ 75, 102–03.

The ORM requested numerous documents from the VA New Mexico Healthcare System. *See id.* ¶¶ 88–90. Plaintiff contends that Defendant Dunkelberger's response to the request for documents misrepresented Plaintiff as being absent without leave, misrepresented that Plaintiff's former position was vacant, and revealed that Plaintiff was the highest paid medical instrument technician and Dunkelberger therefore "[n]o doubt . . . wanted to fire [her] and to hire the Medical Instrument Technicians with lower grades." *Id.* ¶¶ 95–96. Plaintiff notes that Dunkelberger's and Johnson's answers to interrogatories were substantially identical. *Id.* ¶¶ 104–05. Plaintiff also cites as evidence of intentional discrimination that the VA New Mexico Healthcare System provided illegible copies of documents for the EEO investigation, and that Nursing Director Dr. Tina Prince lied in her interview with Defendant Hayo. *Id.* ¶¶ 118–20. Another VA New Mexico Healthcare System employee, Clifford Speakman, also answered interrogatories. *Id.* ¶¶ 121–23. Plaintiff has "no idea who Mr. Speakman is and how [he] is

3

related to the process of the termination of [her] employment," and takes issue with aspects of his responses. *Id.* ¶ 124. Defendant Hayo issued a report on March 27, 2018, summarizing documentary evidence and testimony by Plaintiff and other witnesses. *Id.* ¶ 125. The ORM never issued a determination and did not respond when Plaintiff provided notice of her intent to file a lawsuit. *Id.* ¶ 126.

Plaintiff later filed a claim for unemployment insurance in California. *See id.* ¶ 91. Her claim was denied after the VA New Mexico Healthcare System told the California Employment Development Division that Plaintiff had been fired for cause. *See id.* ¶¶ 91, 131.

Plaintiff has been unable to obtain other jobs after disclosing that she was fired in New Mexico. In 2018, Plaintiff received a full-time job offer at the Minneapolis VA Medical Center ("Minneapolis VAMC"). *Id.* ¶ 132. However, her offer was rescinded during the pre-employment screening process when a hiring official there, Joseph Glazer, learned that she had been fired from the VA New Mexico Healthcare System. *See id.* Later in 2018, Plaintiff applied for a job at the West Los Angeles VA Medical Center ("West LA VAMC"), but after she disclosed in an interview that she had been fired by the VA New Mexico Healthcare System, she was not hired for the West LA VAMC position. *See id.* ¶¶ 133, 174–76. In response, Plaintiff again contacted the ORM, but the West LA VAMC refused to reconsider its decision at an initial mediation in September 2018, and again refused at a second mediation in March 2019 after Plaintiff filed an EEO complaint. *Id.* ¶¶ 177–78. The West LA VAMC hired and transferred in younger male employees to fill the vacancies for which Plaintiff had applied. *Id.* ¶ 178.

Unable to find work, Plaintiff was evicted from her home in Daly City and has since worked as a low-paid, live-in caregiver for elderly people, which she characterizes as "Slavery and Involuntary Servitude." *See id.* ¶¶ 134, 170.

Plaintiff also presents numerous allegations related to her prior cases, including the U.S. Supreme Court's denial of her motion for leave to proceed *in forma pauperis* and barring of further petitions. *See id.* ¶¶ 19–24, 55–56, 140–41. For example, Plaintiff alleges that a former Assistant U.S. Attorney and Judge Alsup colluded against her. *Id.* ¶¶ 106–07, 135–42, 158–67. Plaintiff also alleges a declaration filed by Defendant Dunkelberger in a previous case was

4

fabricated. *See, e.g.*, *id.* ¶¶ 157, 168.

Plaintiff asserts the following claims: (1) deprivation of her purported constitutional right to be a parent, against Hayo and Judge Alsup, *id.* ¶ 180; (2) deprivation of liberty and property without due process, against Hayo and Judge Alsup, *id.* ¶ 181; (3) subjection to cruel and unusual punishment, against Hayo and Judge Alsup, *id.* ¶ 182; (4) subjection to slavery and involuntary servitude, against Hayo and Judge Alsup, *id.* ¶ 183; (5) defamation, against Judge Alsup, *id.* ¶ 184; (6) deprivation of civil rights in violation of 42 U.S.C. § 1983, against the West LA VAMC, Dunkelberger, Johnson, the New Mexico VA Health Care System, the Department of Veterans Affairs, Hayo, the ORM, Judge Alsup, the U.S. District Court for the Northern District of California, and the AFGE, *id.* ¶ 185; (7) conspiracy in violation of 42 U.S.C. § 1985, against Hayo, Dunkelberger, Johnson, the New Mexico VA Health Care System, the Department of Veterans of Affairs, the ORM, Judge Alsup, and the U.S. District Court for the Northern District of California, *id.* ¶ 186; (8) discrimination based on national origin, against Judge Alsup and the U.S. District Court for the Northern District of California; (9) violation of the Privacy Act, 5 U.S.C. § 552a, against the Department of Veterans Affairs and the New Mexico VA Health Care System, *id.* ¶ 188; (10) pregnancy discrimination with respect to the West LA VAMC's decision not to hire Plaintiff, against Secretary of Veterans Affairs Denis McDonough, *id.* ¶ 189; (11) sex discrimination in violation of Title VII with respect to the West LA VAMC's decision, against McDonough, *id.* ¶ 190; (12) age discrimination in violation of the ADEA with respect to the West LA VAMC's decision, against McDonough, *id.* ¶ 191; (13) disability discrimination and failure to provide a reasonable accommodation in violation of the Rehabilitation Act with respect to the West LA VAMC's decision, against McDonough, *id.* ¶ 192; (14) violation of the Labor Management Relations Act ("LMRA"), against the Department of Veterans Affairs, the New Mexico VA Health Care System, and the AFGE, *id.* ¶ 193; (15) professional negligence, citing Pennsylvania law, against Hayo, the ORM, the Department of Veterans Affairs, and the United States, *id.* ¶ 194; (16) intentional infliction of emotional distress, citing Pennsylvania law, against Hayo, the ORM, the Department of Veterans Affairs, and the United States, *id.* ¶ 195; (17) intentional infliction of emotional distress with respect to the West LA VAMC's decision,

against McDonough, *id.* ¶ 196; (18) various claims under California law against McDonough for both the West LA VAMC's decision and Plaintiff's termination in New Mexico, and against Judge Alsup and the U.S. District Court for the Northern District of California, *id.* ¶ 197.

**B.  Previous Cases**

Plaintiff has filed numerous lawsuits in this district stemming from Plaintiff's employment claims against the Department of Veterans Affairs.

   **i.** ***Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 4:18-cv-03748-HSG**

In her first-filed case, Plaintiff asserted claims for gender and pregnancy discrimination, disability discrimination and failure to accommodate, age discrimination, retaliation, defamation, intentional infliction of emotional distress, and due process violations, all arising from her firing at the VA New Mexico Healthcare System. *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. C 18-3748-WHA, 2018 WL 6305612, at *2–4 (N.D. Cal. Dec. 3, 2018). She named as defendants the Department of Veterans Affairs and Peter O'Rourke, who was at the time the Acting Secretary of Veterans Affairs. The court granted defendants' motion to dismiss because Plaintiff had not sufficiently alleged discrimination or retaliation, and her constitutional and state law claims were preempted by the applicable federal antidiscrimination statutes. *Id*. Plaintiff was then denied leave to amend because her proposed amended complaint failed to cure the defects. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. C 18-03748 WHA, 2019 WL 3037549, at *3–5 (N.D. Cal. July 11, 2019).

On appeal, the Ninth Circuit held that the district court properly dismissed Plaintiff's Americans with Disabilities Act ("ADA") claim "because the federal government is excluded from the coverage of the ADA"; her ADEA claim because she "failed to allege facts sufficient to show that [she] was discriminated against on the basis of her age"; and her "constitutional and state law claims because federal employees are limited to using federal employment laws to redress employment discrimination." *Drevaleva v. U.S. Dep't of Veterans Affairs*, 835 F. App'x 221, 223 (9th Cir. 2020). But the Ninth Circuit reversed the dismissal of Plaintiff's Title VII and Rehabilitation Act claims, holding that her allegations of disability and sex discrimination were sufficient to proceed. *Id*. at 223–24.

On remand, the case was reassigned to this Court, which granted an unopposed motion to transfer the case to the District of New Mexico. After Plaintiff failed to comply with orders barring further filings and ex parte communications with chambers, that court dismissed the case with prejudice as a sanction under the court's inherent authority and entered judgment in favor of the defendants. *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 21-cv-761 WJ-JFR, 2021 WL 5083989 (D.N.M. Nov. 2, 2021); *see also Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 21-cv-761 WJ-JFR, 2021 WL 5416154 (D.N.M. Nov. 19, 2021) (denying reconsideration).

On appeal, the Tenth Circuit affirmed. *See Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-2139, 2022 WL 2662081 (10th Cir. July 11, 2022).

### ii. *Drevaleva v. United States of America, et al.*, No. 4:19-cv-01454-HSG

In the second of this series of cases, Plaintiff sued the United States, the Department of Veterans Affairs, the ORM, and then-Acting Secretary O'Rourke over the Minneapolis VAMC's decision not to hire her. Defendants' motion to dismiss was granted with prejudice because the court held that the Merit Systems Protection Board ("MSPB") was Plaintiff's sole avenue for relief under the Civil Service Reform Act of 1978 ("CSRA") for the decision not to hire her in Minneapolis. *Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 4574524 (N.D. Cal. Sept. 20, 2019); *see also Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 5788576 (N.D. Cal. Nov. 6, 2019) (denying motion to vacate judgment). The Ninth Circuit affirmed. *Drevaleva v. United States*, 829 F. App'x 787 (9th Cir. Nov. 18, 2020).

### iii. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 4:19-cv-02665-HSG

In "the third of separate lawsuits arising from the same pattern of facts," Plaintiff named the Department of Veterans Affairs and its then-Secretary Robert Wilkie as defendants to claims of intentional infliction of emotional distress and discrimination based on sex, pregnancy, age, and disability, this time based on the West LA VAMC's decision not to hire Plaintiff. *Drevaleva v. Wilkie*, No. C 19-02665 WHA, 2019 WL 5811435, at *1 (N.D. Cal. Nov. 7, 2019). Granting a motion to dismiss with prejudice, the court held that Plaintiff had not plausibly alleged any of her claims, that her intentional infliction of emotional distress claim failed because Title VII was her only recourse on the facts asserted, and that the Department of Veterans Affairs was an improper

1   defendant. *Id.* at \*3–4. The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v.*
2   *Dep't of Veterans Affairs*, No. 20-15109, 2020 WL 8300142 (9th Cir. Nov. 16, 2020).

### iv.     *Drevaleva Dep't of Veterans Affairs*, No. 4:19-cv-05927-HSG

In December 2018, Plaintiff filed a complaint with the MSPB. *Drevaleva v. Wilkie*, No. C 19-5927 WHA, 2019 WL 6911632, at \*1 (N.D. Cal. Dec. 19, 2019). After the MSPB determined that it lacked jurisdiction because Plaintiff was a probationary employee at the VA New Mexico Healthcare System, Plaintiff appealed to the Federal Circuit, which transferred the case to this district. *Id.* The court dismissed the case, holding that Plaintiff's claims were precluded by the judgment entered in her first case, which had not yet been reversed in part by the Ninth Circuit. *Id.* at \*2; see also *Drevaleva v. Wilkie*, No. C 19-05927 WHA, 2020 WL 999671 (N.D. Cal. Mar. 2, 2020) (denying relief from judgment). The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v. Dep't of Veterans Affairs*, No. 20-15374, 2020 WL 8770483 (9th Cir. Nov. 16, 2020).

### v.     *Drevaleva v. United States, et al.*, No. 4:20-cv-00820-HSG

In early 2020, Plaintiff sued the United States, the Department of Veterans Affairs, and, for the first time, Dunkelberger and Johnson. She asserted claims for violation of the FMLA, fraud, libel, harassment, and outrage and intentional infliction of emotional distress, based on her firing in New Mexico and failure to obtain jobs at the VAMCs in Minnesota and West Los Angeles. *Drevaleva v. United States*, No. 20-cv-00820, ECF Dkt. No. 1 (N.D. Cal. Feb. 3, 2020).

The court concluded that, as yet another "repetitive suit[] stem[ming] from the same events," the complaint was "frivolous as duplicative" and constituted an abuse of Plaintiff's *in forma pauperis* status:

> Ms. Drevaleva is entitled to her day in court—she is not entitled to overwhelm the Secretary of Veterans [A]ffairs, and indeed impact other litigants' access to the limited resources of the courts, by filing a multitude of suits at public expense. The public will not be made to fund another front in Ms. Drevaleva apparently endless campaign against the Secretary and Department of Veterans Affairs.

*Drevaleva v. United States*, No. 20-cv-00820, ECF Dkt. No. 10 (N.D. Cal. Mar. 4, 2020). Judge Alsup therefore denied Plaintiff's application to proceed *in forma pauperis* and dismissed her

8

1  complaint with prejudice. *Id.* The Ninth Circuit dismissed Plaintiff's appeal of this case as
2  frivolous. *Drevaleva v. United States*, No. 20-15596, 2020 U.S. App. LEXIS 35907 (9th Cir. Nov.
3  16, 2020).

### vi.  *Drevaleva v. Glazer, et al.*, No. 4:21-cv-00500-HSG

In January 2021, Plaintiff asserted claims against the United States, the Department of Veterans Affairs, the Minneapolis VAMC and a hiring official there named Joseph Glazer, Secretary of Veterans Affairs Denis McDonough, Dunkelberger, Johnson, the ORM, and the New Mexico Healthcare System. *See Drevaleva v. Glazer*, No. 21-CV-00500-HSG, 2022 WL 767192, at *3 (N.D. Cal. Mar. 14, 2022). Plaintiff brought claims for violations of the FMLA, fraud, libel, harassment, intentional infliction of emotional distress, pregnancy discrimination, sex and gender discrimination, pregnancy discrimination, age discrimination, disability discrimination, professional negligence, and other constitutional and state law claims. *Id.* All claims were based on Plaintiff's employment disputes with the Department of Veterans Affairs.

Regarding Plaintiff's claims concerning termination and failure to hire, this Court held that "[m]any of Plaintiff's claims against the United States, the Department of Veterans Affairs and its various subdivisions including the Minneapolis VAMC, and Secretary McDonough are duplicative of claims she has previously asserted." *Id.* at *6. The Court concluded that those claims were barred by res judicata and dismissed them with prejudice. *Id*. The Court further found that Plaintiff's claims against Dunkelberger and Johnson and her claim for fraud against the United States were frivolous as "an improper attempt to rehash claims" and dismissed them with prejudice. *Id*. at *6–8. Plaintiff's claims against Glazer were also dismissed with prejudice because Glazer was in privity with federal defendants from a previous case, *Drevaleva v. United States of America, et al*., No. 4:19-cv-01454-HSG, precluding Plaintiff's claims. *Id*.

An appeal is pending in the Ninth Circuit. *Drevaleva v. Glazer*, No. 22-15731 (9th Cir.).

### vii.  *Drevaleva v. Alsup, et al*., No. 3:21-cv-05348-CRB

In July 2021, Plaintiff sued Judge Alsup and the U.S. District Court for the Northern District of California based on allegations related to the handling of her prior cases. She asserted claims for deprivation of her purported constitutional right to be a parent, denial of due process,

9

cruel and unusual punishment, slavery and involuntary servitude, defamation, deprivation of unspecified civil rights in violation of § 1983, conspiracy in violation of § 1985, and discrimination based on national origin, as well as unspecified state law claims. Plaintiff's claims were dismissed with prejudice under § 1915 as barred by judicial immunity. *Drevaleva v. Alsup*, No. 21-cv-05348-LB, 2021 WL 3777122 (N.D. Cal. Aug. 9, 2021); *Drevaleva v. Alsup*, No. 21-cv-05348-CRB, 2021 WL 3773628 (N.D. Cal. Aug. 24, 2021). The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *See Drevaleva v. Alsup*, No. 21-17079, ECF Dkt. No. 15 (9th Cir. June 14, 2022).

## II. ANALYSIS

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed *in forma pauperis*, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum,* 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must

10

"construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

### B. Res Judicata

Under the doctrine of res judicata, also known as claim preclusion, a party cannot relitigate a claim that was previously decided. The Ninth Circuit has described the scope of that doctrine as follows:

> Res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).
>
> Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).
>
> We use a transaction test to determine whether the two suits share a common nucleus of operative fact. *Int'l Union v. Karr*, 994 F.2d 1426, 1429–30 (9th Cir. 1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(2) (1982)). . . .
>
> . . . We have often held the common nucleus criterion to be outcome determinative under the first res judicata element. *E.g., Int'l Union*, 994 F.2d at 1429–30 (holding criterion to be outcome determinative and listing cases using the same nucleus of operative fact as the exclusive factor to bar a second claim under res judicata).

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987–88 (9th Cir. 2005) (first ellipsis in original).

In *Mpoyo*, the Ninth Circuit applied res judicata to bar subsequent claims arising from events leading to an employee's termination, holding that precluding the later claims was appropriate because the employee's "Title VII, FLSA and FMLA claims form a convenient trial

11

1  unit that discloses a cohesive narrative of an employee-employer relationship and a controversial
2  termination." *Id.* at 987.
3  "'[I]n federal courts, a district court judgment is "final" for purposes of res judicata.' This
4  is so even during the pendency of an appeal." *Sosa v. DIRECTV, Inc*., 437 F.3d 923, 928 (9th Cir.
5  2006) (citations omitted).

### C. Claims Against Judge Alsup and the Northern District

Plaintiff's claims against Judge Alsup and the U.S. District Court for the Northern District of California—portions of her first through seventh claims, the entirety of her eighth claim, and some of the state law claims lumped together as the eighteenth claim—are duplicative of claims she asserted in *Drevaleva v. Alsup*, No. 21-cv-05348-LB, 2021 WL 3777122 (N.D. Cal. Aug. 9, 2021). *See also Drevaleva v. Alsup*, No. 21-cv-05348-CRB, 2021 WL 3773628 (N.D. Cal. Aug. 24, 2021); *Drevaleva v. Alsup*, No. 21-17079, ECF Dkt. No. 15 (9th Cir. June 14, 2022). As in that case, her current claims against the named parties here are based entirely on allegations related to the handling of her case in *Drevaleva v. Dep't of Veterans Affairs, et al*., Case No. 18-cv-03748 and related cases. The prior judgment therefore is preclusive under the doctrine of res judicata, and bars Plaintiff's current claims against Judge Alsup and the Northern District of California. Even if that were not so, the claims would be barred under absolute judicial immunity for the reasons previously stated by the court. *See Drevaleva v. Alsup*, 2021 WL 3777122, at *2, *recommendation adopted*, 2021 WL 3773628.

The Court finds that Plaintiff's claims against Judge Alsup and the U.S. District Court for the Northern District of California are barred by res judicata and **DISMISSES** them **WITH PREJUDICE.**

//
//
//
//
//

**D.   Claims Against the United States, the Department of Veterans Affairs, and the Secretary of Veterans Affairs Regarding Termination and Failure to Hire**

Plaintiff's claims against the United States, the Department of Veterans Affairs and its various subdivisions,[2] and Secretary McDonough are duplicative of claims she has previously asserted.

To the extent Plaintiff's current claims are based on her firing in New Mexico, they are duplicative of claims she asserted in *Drevaleva v. Dep't of Veterans Affairs, et al.*, Case No. 18-cv-03748, which was dismissed with prejudice by the District of New Mexico. While that dismissal was a sanction for Plaintiff's misconduct and failure to follow orders, rather than an assessment of the merits, Rule 41 of the Federal Rules of Civil Procedure provides that *any* dismissal—"except one for lack of jurisdiction, improper venue, or failure to join a party," or a dismissal order that specifically states otherwise—"operates as an adjudication on the merits." The District of New Mexico's order dismissing Plaintiff's case with prejudice would be toothless if she could simply pursue the same claims in a new action. And even though some claims here are not cast in precisely the same legal terms as in that first case, the key factor for res judicata, which courts have "often held . . . to be outcome determinative," is whether the claims at issue share a common nucleus of operative fact. *See Mpoyo*, 430 F.3d at 988. All claims against the United States, the Department of Veterans Affairs, and the Secretary of Veterans Affairs arising from Plaintiff's denial of leave and ultimate firing in New Mexico could and should have been brought in her first case, and are precluded by its dismissal with prejudice. Such claims include aspects of Plaintiff's sixth, seventh, fourteenth, and seventeenth causes of action.

To the extent Plaintiff's claims against these Defendants are based on the decision not to hire her in Los Angeles, they are barred by the prior decision dismissing with prejudice Plaintiff's claims related to her job application at the West LA VAMC in *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, Case No. 19-cv-02665. In that case, the court found that Plaintiff failed to state a claim, and Plaintiff may not now pursue essentially the same claims—or slightly different

---

[2] To the extent some of these entities, such as the ORM, the New Mexico VA Healthcare System, and the West LA VAMC were not all specifically named in Plaintiff's previous cases, they are in privity with the Department of Veterans Affairs and the Secretary.

13

legal theories arising from the same decision not to hire her—in this new action. *See Mpoyo*, 430 F.3d at 989 (joining decisions from other circuits "bar[ring] under res judicata the subsequent filing of claims denied leave to amend"). Plaintiff's current claims on the subject include aspects of her sixth and eighteenth causes of action, as well as the entirety of her tenth through thirteenth and seventeenth causes of action.

Although its relationship to past cases is perhaps less intuitive, Plaintiff's ninth cause of action under the Privacy Act is also precluded. The statutory provision on which she relies permits a civil action where an agency "fails to maintain any record concerning any individual with [sufficient] accuracy, relevance, timeliness, and . . . consequently a determination is made which is adverse to the individual." 5 U.S.C. § 552a(g)(1)(C). The adverse determinations she faced were the Department of Veterans Affairs' decisions to fire her in New Mexico, not reinstate her to that position, and not hire her in Minneapolis and Los Angeles. *See* Dkt. No. 53 ¶ 188 ("[T]he Agency's failure to maintain my clear records led to the Office of Resolution Management's conclusion that no discrimination occurred . . . ."). Plaintiff has already litigated those adverse determinations extensively and unsuccessfully. Her theory that failure to maintain clear records led to the determinations at issue shares a sufficient common nucleus of fact with the previous cases to warrant applying res judicata: Plaintiff's new Privacy Act claim would have "form[ed] a convenient trial unit" with her previous claims, based on "a cohesive narrative of an employee-employer relationship and a controversial termination." *See Mpoyo*, 430 F.3d at 987. Having failed to assert inadequate recordkeeping in the previous cases where she challenged the same adverse determinations at issue, she cannot do so now.

The Court finds that Plaintiff's claims against the United States, the Department of Veterans Affairs, the ORM, the New Mexico VA Health Care System, the West LA VAMC, and Secretary McDonough relating to Plaintiff's termination or a refusal to hire Plaintiff are barred by res judicata and **DISMISSES** them **WITH PREJUDICE**.

### E. Claims Against Dunkelberger and Johnson

Plaintiff's claims against Defendants Dunkelberger and Johnson, which include aspects of her sixth and seventh causes of action, are based on the same allegations Plaintiff made against the

14

1  Defendants in *Drevaleva v. United States, et al.*, Case No. 20-cv-000820 —specifically, the
2  Defendants' handling of her request for leave and subsequent termination, and communications
3  about those events to other Department of Veterans Affairs employees. That case was dismissed
4  with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), and the Ninth Circuit dismissed Plaintiff's
5  appeal of that order as frivolous. *Drevaleva v. United States*, Case No. 21-15694, 2021 U.S. App.
6  LEXIS 24299 (9th Cir. Aug. 13, 2021).

7  Dismissal of claims as frivolous under § 1915 can have res judicata effect as to the
8  frivolousness of future complaints filed *in forma pauperis*. *Kolocotronis v. Benefis Healthcare*,
9  360 F. App'x 860, 861 (9th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).[3]
10 Moreover, even if not precluded formally by res judicata, Plaintiff's claims are frivolous for the
11 same reasons identified in the previous case: they are an improper attempt to rehash claims that
12 Plaintiff has repeatedly and unsuccessfully asserted against the Department of Veterans Affairs
13 and the Secretary of Veterans Affairs.

14 The Court **DISMISSES WITH PREJUDICE**, under 28 U.S.C. § 1915, Plaintiff's claims
15 against Defendants Dunkelberger and Johnson.

### F. Claims Against Hayo

17 Despite not being named as a defendant in any of Plaintiff's previous cases, Defendant
18 Hayo is in privity with the federal defendants in prior cases. "There is privity between officers of
19 the same government so that a judgment in a suit between a party and a representative of the
20 United States is res judicata in relitigation of the same issue between that party and another officer
21 of the government." *Sunshine Anthracite*, 310 U.S. at 402–03; *see also, e.g.*, *Nelson v. Brown*,
22 No. 11-CV-2202-GPC (WVG), 2014 WL 1096189, at *7–8 (S.D. Cal. Mar. 19, 2014) (relying on
23 *Sunshine Anthracite* to find privity between different employees of the same prison). Defendant
24 Hayo is a federal EEO employee with the Department of Veterans Affairs, *see* Dkt. No. 46 at 4–5,
25 and Plaintiff's claims here plainly relate to Defendant Hayo's performance of his official duties.[4]

---

[3] As an unpublished Ninth Circuit decision, *Kolocotronis* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.
[4] Defendants moved to substitute the United States for all other Defendants, including Defendant Hayo, for claims under the FTCA. *See* Dkt. No. 46. Defendants included a certification that

15

1   All of Plaintiff's claims against Defendant Hayo arise from the EEO complaint she made concerning her firing in New Mexico. The current claims share a common nucleus of operative fact with claims previously asserted regarding her firing in New Mexico in *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. C 18-3748-WHA, which has since been dismissed with prejudice by the District of New Mexico. Because Defendant Hayo is in privity with the defendants in that case, that judgment precludes Plaintiff's current claims regarding the EEO investigation of her firing in New Mexico, including aspects of her first through seventh causes of action and the entirety of her fifteenth and sixteenth causes of action.

The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Hayo.

### G. Claim of Deprivation of Civil Rights Against the AFGE

Plaintiff's sixth cause of action alleges the deprivation of civil rights in violation of 42 U.S.C. § 1983. The Defendant AFGE was not a defendant in any of Plaintiff's prior cases and does not appear to be in privity with any such defendant, so these claims are not barred by res judicata, notwithstanding their factual overlap with her previous claims.

Section 1983 provides a remedy for deprivation of federal rights by defendants acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. "In order to recover under § 1983 for conduct by the defendant, a plaintiff must show 'that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff has not alleged that the Defendant AFGE—the union that represented her in her federal employment—acted on behalf of any state (or territory or the District of Columbia), nor could she if granted leave to amend.

Because amendment would be futile, the Court **DISMISSES WITH PREJUDICE**

---

Defendant Hayo was acting within the scope of his duties at all times material to Plaintiff's allegations. *See* Dkt. No. 46-1. Plaintiff then made numerous frivolous filings seeking to withdraw or otherwise objecting to Defendants' certification. *See, e.g.*, Dkt. Nos. 47, 50, 52. Because Plaintiff's claims are being dismissed on res judicata grounds as a result of the Court's required review of a complaint filed *in forma pauperis*, it is not necessary to decide which party or parties are proper Defendants in this case.

16

Plaintiff's § 1983 claim against the Defendant AFGE, without leave to amend.

### H. LMRA Claim Against the AFGE

Plaintiff's fourteenth cause of action alleges a violation of the Labor Management Relations Act ("LMRA"). Again, because the Defendant AFGE was not a defendant in any of Plaintiff's prior cases and does not appear to be in privity with any such defendant, these claims are not barred by res judicata, notwithstanding their factual overlap with her previous claims.

Plaintiff's LMRA claim against the Defendant AFGE is "for breach of fair representation because the Union Representative Ms[.] Karen Smith stopped her communications with [Plaintiff] and failed to assist [her] to obtain relief after [she] had been fired from the New Mexico VA Health Care System in 2017." Dkt. No. 53 ¶ 193. Such a claim generally arises under the National Labor Relations Act ("NLRA") rather than the LMRA, although it may accompany a claim under the LMRA for breach of a collective bargaining agreement. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983) (discussing "hybrid claims" against employers and unions).

The statute of limitations for Plaintiff's fair representation claim is six months from when she knew or should have known of the purported breach. *Jay v. Serv. Emps. Int'l Union-United Health Care Workers W.*, 203 F. Supp. 3d 1024, 1037 (N.D. Cal. 2016) (quoting *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986)). "A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quotation omitted). Since the alleged cessation of communication with Plaintiff by the Defendant AFGE's Union Representative, Ms. Smith, would have been apparent to Plaintiff at the time it occurred, the six-month limitations period began to run at that time, which was during Plaintiff's dispute with the VA New Mexico Healthcare System in 2017. *See* Dkt. No. 53 ¶ 78. The limitations period therefore expired long before Plaintiff first raised this claim in her July 29, 2021, Amended Complaint.

No grounds for tolling are apparent from Plaintiff's complaint. *See Machado v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers*, 454 F. Supp. 2d 1056, 1062 (D. Haw. 2006) ("In certain situations the Court will toll the time in which the statute of limitations begins to run [for a

fair representation claim]."). And given Plaintiff's litigation history, any such claim would not be plausible, and any amendment would be futile. Plaintiff's claims against AFGE arise from the same employment dispute with the VA New Mexico Healthcare System that Plaintiff has been litigating since 2018 in her numerous cases. Even had there been a reason for tolling when Plaintiff filed her first case in 2018, this claim could have been brought then, and certainly tolling is not warranted now.

Because amendment would be futile, the Court **DISMISSES WITH PREJUDICE** Plaintiff's LMRA claim against the Defendant AFGE without leave to amend.

### III. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**. All pending motions are **DENIED AS MOOT** in light of the dismissal of the entire case without leave to amend. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 10/26/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge