UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>                Plaintiff,<br><br>        v.<br><br>DENNIS HAYO, et al.,<br><br>                Defendants. | Case No. 21-cv-00684-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 79 |

Before the Court is Plaintiff's motion for leave to file a motion for reconsideration of this Court's order dismissing her claims with prejudice.

Generally speaking, judgment is entered when the district court files a separate document setting forth the judgment. *See* Fed. R. Civ. P. 58(a), (c). Where a separate judgment is not filed, judgment is deemed entered 150 days after the entry of the final order. Fed. R. Civ. P. 58(c)(2)(B); *Burton v. Lee*, 732 F. App'x 567, 569 (9th Cir. 2018). The Court ordered Plaintiff's claims dismissed on October 26, 2022. *See* Dkt. No. 76. Well over 150 days have passed since entry of that order, meaning that judgment has long ago been deemed entered. Accordingly, though Plaintiff brings her motion under L.R. 7-9(b)(3), which is the local rule concerning reconsideration where there was a "manifest failure by the Court to consider material facts or dispositive legal arguments," the proper procedural vehicle for her claim is a motion for reconsideration under Fed. R. Civ. P. 60(b).

Rule 60(b) "provides an 'exception to finality' that 'allows a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain

type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. at 271.  Plaintiff's motion fails to meet this standard (or the Local Rule 7-9(b)(3) standard).  Plaintiff claims, based on a newly-submitted 163-page "declaration," that the Court "misinterpreted two reasons" she took a trip detailed in the 180-page complaint.  But those purportedly misconstrued facts had no bearing on the Court's conclusion that Plaintiff's claims were barred by res judicata or otherwise subject to dismissal.  Aside from this purported factual misunderstanding, Plaintiff identifies no legal error or clearly erroneous finding of a material fact that affected the outcome of the Court's order dismissing her claims.  *See MacDonald v. United States*, 677 F. App'x 362, 263 (9th Cir. 2017) (district court errs in denying a 60(b) motion only if the court "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in the abuse of discretion").

        Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.  This case remains closed.

        **IT IS SO ORDERED.**

Dated: 11/1/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge